aEE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROBERT MUELLER, <br><br>Petitioner, <br><br>v. <br><br>MICHAEL LEMKE, Warden, <br><br>Respondent. | No. 13 C 2903 <br><br>Chief Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Illinois prisoner Robert Mueller ("Petitioner") is serving a 32-year sentence for eight counts of criminal sexual assault. On April 17, 2013, he filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Presently before the Court is Respondent's motion to dismiss the Petition as time-barred pursuant to 28 U.S.C. § 2244(d)(1). For the reasons set forth below, the Court grants Respondent's motion to dismiss and denies Petitioner's request for a certificate of appealability.

## BACKGROUND

Following a jury trial in the Circuit Court of DuPage County, Illinois, in December 2006, Petitioner was found guilty of eight counts of criminal sexual assault. (R. 34, Ex. 2-Q, Verdict at 163.) On March 1, 2007, the trial judge sentenced Petitioner to 32 years in prison—employing the mandatory minimum of four years per count and the mandatory consecutive sentencing scheme set forth in 730 Ill. Comp. Stat. 5/5-8-4(a) (2007). (R. 34, Ex. 2-B, Sentencing Order at 6-13.) Petitioner is currently in the custody of Respondent Lemke, the warden of Stateville Correctional Center, in Joliet, Illinois.

Following his conviction, Petitioner appealed to the Illinois Appellate Court for the Second District, raising the following issues: (1) whether he was proven guilty beyond a reasonable doubt; (2) whether the trial court's denial of his request for a bill of particulars denied him a fair trial; (3) whether the trial court's denial of his request to review all of SV's (one of the victims) psychiatric records was an abuse of discretion; (4) whether the trial court's refusal to instruct the jury on the offense of fornication was an error; and (5) whether his 32-year sentence was unconstitutional. (R. 34, Ex. 2-C, Ill. App. Ct. Rule 23 Order at 14.) Petitioner was represented by his trial lawyer for this direct appeal. (R. 4, Pet'r's Mem. at 8.) The appellate court affirmed Petitioner's conviction and sentence in an unpublished Rule 23 order on March 17, 2009. (R. 34, Ex. 2-C, Ill. App. Ct. Rule 23 Order at 14.) Petitioner filed a *pro se* petition for leave to appeal to the Illinois Supreme Court, which was denied on May 28, 2009. (R. 34, Ex. 2-D, Ill. Sup. Ct. Order at 68.) On August 25, 2009, Petitioner sent a *pro se* petition for a writ of certiorari to the United States Supreme Court, which was received on September 1, 2009. (R. 34, Ex. F, U.S. Sup. Ct. Clerk Letter at 76.) The Clerk of the Supreme Court sent Petitioner a letter on September 1, 2009, explaining why his petition was incomplete and granting him an additional 60 days to file a corrected petition. (*Id.*) Petitioner did not file a corrected petition for certiorari. (R. 1, Pet. Writ Habeas at 2.)

Petitioner acquired new counsel to represent him and filed a petition for post-conviction relief on April 30, 2010, raising the following issues: (1) whether the state's failure to timely indict specific allegations of sexual penetration deprived him of his constitutional rights to due process, speedy trial, equal protection, the effective assistance of counsel, and to be promptly and fully advised of the charges against him; (2) whether the state's failure to disclose, prior to trial, the substance of detailed allegations made by the two victims, SV and KW, deprived him of his

2

rights to a fair trial, due process, and equal protection, and whether it resulted in a "trial by ambush"; (3) whether the consecutive sentencing scheme set forth in 730 Ill. Comp. Stat. 5/5-8-4(a) violated the state separation of powers clause and the Eighth Amendment's prohibition against cruel and unusual punishment; and (4) whether trial and appellate counsel were ineffective for failing to raise these issues prior to trial or on direct appeal. (R. 14-2, Ex. 16, Trial Ct. Order Denying Post-Conviction Pet. at 1-6.) The trial court found that his petition was "frivolous" and "patently without merit," and thus dismissed it on June 29, 2010. (*Id.* at 7.) The Illinois Appellate Court affirmed the dismissal of the petition on March 30, 2012. (R. 10-1, Ex. 17, Ill. App. Ct. Rule 23 Order at 2.) Petitioner filed a petition for leave to appeal to the Illinois Supreme Court on May 4, 2012. (R. 4, Pet'r's Mem. at 10.) The Illinois Supreme Court mailed a letter on September 26, 2012, denying Petitioner's petition for leave to appeal, the mandate of which issued to the Appellate Court on October 31, 2012. (R. 10-3, Ex. 19, Letter Denying PLA.)

After acquiring new counsel, Petitioner filed with this Court a petition for writ of habeas corpus on April 17, 2013. (R. 1, Pet. Writ Habeas.) Petitioner argues that his post-conviction counsel was ineffective because: (1) post-conviction counsel failed to claim that Petitioner received ineffective assistance of counsel at trial due to trial counsel's failure to move for a change in venue; and (2) post-conviction counsel failed to present information from outside the record to support the claim that Petitioner's 32-year sentence is unconstitutional under the Eighth Amendment. (R. 4, Pet'r's Mem. at 12-19.) Petitioner contends that his post-conviction counsel's ineffectiveness was prejudicial and thus gives him cause for the procedural default of his constitutional claims. (*Id.* at 12.) In addition to reiterating the arguments he contends his post-conviction counsel failed to make, Petitioner also argues that his due process and

3

confrontation clause rights were violated when the trial court permitted the state to reopen its case and recall one of the victims, KW, to testify for a second time. (*Id.* at 19-35.) On July 19, 2013, Respondent filed a motion to dismiss the Petition, arguing that Petitioner's claims are untimely under 28 U.S.C. § 2244(d)(1). (R. 25, Resp't's Mot. Dismiss.) Petitioner responded to Respondent's motion to dismiss on September 3, 2013, arguing that his claims should be considered, despite their untimeliness, under the principles of statutory and equitable tolling. (R. 31, Pet'r's Resp.) Respondent replied to Petitioner's response on September 17, 2013. (R. 32, Resp't's Reply.) Respondent's motion to dismiss the Petition is currently before the Court.

## LEGAL STANDARD

Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Once a respondent "raises an AEDPA statute of limitations defense, the petitioner must come forward with some evidence to support his claim that . . . 365 countable days have not elapsed." *Ray v. Clements*, 700 F.3d 993, 1008 (7th Cir. 2012). "After

4

the petitioner makes this evidentiary showing, the burden shifts to the government to prove that the limitations period has run." *Id.*

## ANALYSIS

Respondent argues that the Petition is untimely under section 2244(d)(1)(A). (R. 25, Resp't's Mot. Dismiss at 5.) Under section 2244(d)(1)(A), the one-year statute of limitations begins to run the date judgment becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court has held that "[f]or petitioners who pursue direct review all the way to [the Supreme Court], the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012). "For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in state court, expires." *Id.* at 653-54.

Petitioner's direct appeal in state court concluded on May 28, 2009, when the Illinois Supreme Court denied his petition for leave to appeal. (R. 34, Ex. 2-D, Ill. Sup. Ct. Order at 68.) Petitioner then had 90 days to file a petition for a writ of certiorari with the Supreme Court— until August 26, 2009. Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Petitioner mailed in an incomplete petition for a writ of certiorari on August 25, 2009, and the Clerk of the Supreme Court sent him a letter on September 1, 2009, granting him an additional 60 days to submit a corrected petition. *See* Sup. Ct. R. 14.5 ("If the Clerk determines that a petition submitted timely and in good faith is in

5

a form that does not comply with this Rule or with Rule 33 or Rule 34, the Clerk will return it with a letter indicating the deficiency. A correct petition submitted in accordance with Rule 29.2 no more than 60 days after the date of the Clerk's letter will be deemed timely."). Petitioner thus had until November 2, 2009, to file a corrected petition.[1] Petitioner did not file a corrected petition for a writ of certiorari; thus, under section 2244(d)(1), the one-year statute of limitations began to run on November 2, 2009, the day Petitioner's time for seeking review in the Supreme Court expired.

Under section 2244(d)(2), the one-year statute of limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Petitioner filed a petition for post-conviction relief in the Circuit Court of DuPage County on April 30, 2010. Thus, the limitations period ran for 179 days (from November 2, 2009 to April 30, 2010) until it was tolled. The statutory tolling concluded on September 26, 2012, when the Illinois Supreme Court denied Petitioner's post-conviction petition for leave to appeal. (R. 10-3, Ex. 19, Letter Denying PLA.) The limitations period then ran for the remaining 186 days and expired on Monday, April 1, 2013.[2] Petitioner did not file the instant Petition until April 17, 2013; therefore, the Petition is untimely under section 2244(d)(1)(A).

Petitioner acknowledges that the Petition is untimely under section 2244(d)(1)(A). (R. 31, Pet'r's Resp. at 3.) Nevertheless, he asks the Court to excuse the Petition's untimeliness

---

[1] The 60-day period ended on Saturday, October 31, 2009, so Petitioner had until the following Monday to submit his corrected petition. *See* Sup. Ct. R. 30.1.

[2] The 186th day was Sunday, March 31, 2013.

6

under the principles of statutory and equitable tolling. (*Id.* at 3-5.) The Court now addresses whether statutory or equitable tolling excuses Petitioner's delay.

## I. Whether Petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B)

Petitioner argues that he is entitled to statutory tolling of the limitations period under section 2244(d)(1)(B) and that the Petition should therefore not be dismissed as untimely. (R. 4, Pet'r's Mem. at 38-40.) Petitioner contends that a state-created impediment violated his constitutional rights and triggered section 2244(d)(1)(B). (*Id.*)

Section 2244(d)(1)(B) allows a petitioner "to file a habeas corpus petition within one year from 'the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.'" *Lloyd v. Van Natta*, 296 F.3d 630, 632-33 (7th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)(B)). Although the Supreme Court and the Seventh Circuit have yet to define "impediment" for purposes of this subsection, the Seventh Circuit has emphasized that "the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Id.* at 633; *see also Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007) (quoting *Lloyd*, 296 F.3d at 633). The Supreme Court has emphasized that the subsection allows "tolling for state-created impediments that prevent a prisoner from filing his application, but *only if* the impediment violates the Constitution or federal law." *Holland v. Florida*, 560 U.S. 631, 665 (2010). A habeas petitioner has the burden of establishing that the statutory tolling provision applies. *See Ray*, 700 F.3d at 1008.

Petitioner asserts that his Petition was untimely because his habeas counsel relied on misinformation provided by the Clerk of the Illinois Supreme Court to calculate the limitations

7

period. (R. 4, Pet'r's Mem. at 38.) Petitioner contends that on December 28, 2012, his post-conviction counsel informed his habeas counsel that his post-conviction petition for leave to appeal had been denied by the Illinois Supreme Court on October 31, 2012. (*Id.* at 39.) Seeking to verify this date, Petitioner's habeas counsel called the Clerk of the Illinois Supreme Court on January 25, 2013, and the Clerk informed counsel that Petitioner's post-conviction petition for leave to appeal had been denied on October 31, 2012. (*Id.*) Relying on this information, habeas counsel calculated Petitioner's federal habeas filing deadline as May 2, 2013. (*Id.* at 41.) Habeas counsel did not realize her error until April 15, 2013, when she reviewed a copy of the Illinois Supreme Court letter denying the petition for leave to appeal—the letter was dated September 26, 2012, and it stated that the mandate of the Illinois Supreme Court would issue to the Appellate Court on October 31, 2012. (*Id.* at 39; R. 10-3, Ex. 19, Letter Denying PLA.) Because a judgment of an Illinois court of review is final on the day on which it is entered and not on the date that the mandate issues, *see Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002) (citing *PSL Realty Co. v. Granite Inv. Co.*, 427 N.E.2d 563, 570 (Ill. 1981)), Petitioner's filing deadline was April 1, 2013, 186 days from September 26, 2012. Petitioner argues that the incorrect information provided by the Clerk of the Illinois Supreme Court was a state-created impediment that prevented the timely filing of his Petition. (R. 4, Pet'r's Mem. at 39-40.)

A state-created impediment must violate the Constitution or federal law in order to toll the limitations period under section 2244(d)(1)(B). *Holland*, 560 U.S. at 665. The Seventh Circuit has held that a "mere isolated incident of negligence" by a clerk's office "does not rise to the level of a constitution violation actionable under section 1983." *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992). A court in this District tolled a habeas petitioner's limitations period under section 2244(d)(1)(B) where a prison law clerk's miscalculation of the petitioner's filing

8

deadline, *coupled* with the prison's continued denial of the petitioner's access to the prison law library for over a year, prevented him from timely filing his habeas petition. *United States ex rel. Vidaurri v. Hardy*, No. 08 C 3665, 2012 WL 1068735, at *13 (N. D. Ill. Mar. 29, 2012). Here, Petitioner's only alleged "impediment" was the misinformation provided by the Clerk of the Illinois Supreme Court. Although the Clerk acted negligently in providing Petitioner's habeas counsel the wrong date, without any evidence of violations of the Constitution or federal law, the Court cannot find that Petitioner has demonstrated a state-created impediment that tolls his limitations period under section 2244(d)(1)(B).

Seeking to avoid this result, Petitioner argues that "circuit courts have recognized a state-created impediment where misinformation or no information is provided by the clerk of the relevant court." (R. 4, Pet'r's Mem. at 38) (citing *Williams v. Thaler*, 400 F. App'x 886 (5th Cir. 2010)). The court in *Williams*, however, did not address the issue of whether a clerk misinforming Williams could amount to a violation of constitutional or federal law for the purposes of section 2244(d)(1)(B); instead, the Fifth Circuit concluded that Williams was entitled to equitable tolling. *Williams*, 400 F. App'x at 889. Petitioner's reliance on *Williams* to support his argument that he is entitled to statutory tolling is therefore misplaced.

Even if the Clerk's negligence constituted a state-created impediment for the purposes of section 2244(d)(1)(B), Petitioner has not established that the Clerk's actions prevented him from filing his petition. *See Lloyd*, 296 F.3d at 633. The Seventh Circuit has established a high bar that petitioners need to overcome to prove a state-created impediment prevented them from timely filing their habeas petitions. *See, e.g., Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005) (public defender's request for an indefinite stay that led to the belated review of petitioner's state post-conviction petition did not qualify as a state-created impediment and did not prevent

9

petitioner from filing a timely habeas petition); *Lloyd*, 296 F.3d at 633 (state's failure to provide petitioner with a trial transcript "did not prevent him from filing his habeas corpus petition"); *United States ex rel. Hughes v. Pierce*, No. 09 C 6247, 2011 WL 1485269, at *6 (N.D. Ill. Apr. 19, 2011) (no state-created impediment existed where petitioner failed to prove that correctional employees prevented him from accessing the law library); *United States ex rel. Andujar v. Pierce*, No. 10 C 4168, 2010 WL 4628765, at *3 (N.D. Ill. Nov. 8, 2010) (petitioner did not show how the trial court's failure to notify him of the denial of his post-conviction petition prevented him from filing a timely federal habeas petition). *But see Coker v. Jones*, No. 07 C 5988, 2008 WL 4372395, at *2-3 (N.D. Ill. Sept. 24, 2008) (finding a state-created impediment and tolling a habeas limitations period where the petitioner was transferred to a new prison but his personal legal papers, including a draft of his habeas petition, were not sent to him until six months later). Here, habeas counsel relied on incorrect information regarding the denial date of Petitioner's post-conviction petition counsel received from the Clerk to calculate the habeas petition filing deadline. While it is unfortunate that the Clerk provided misinformation, that misinformation did not *prevent* habeas counsel from timely filing the Petition. Habeas counsel could easily have done independent research to discover the Illinois Supreme Court's letter with the correct date instead of relying solely on the information provided by the Clerk. Instead, habeas counsel regrettably waited until April 2013, three months after the phone conversation with the Clerk, to locate the original Illinois Supreme Court letter. (R. 33-5, Ex. 5, Kizer Aff. at 2.)

Accordingly, the Court finds that Petitioner has not proven that a state-created impediment that violated the Constitution or federal law prevented him from timely filing his Petition. Petitioner is therefore not entitled to statutory tolling under section 2244(d)(1)(B).

## II. Whether Petitioner is entitled to equitable tolling

Petitioner additionally argues that he is entitled to equitable tolling of the limitations period and thus the Court should not dismiss the Petition as untimely. (R. 4, Pet'r's Mem. at 35-41.) A habeas petitioner otherwise barred by the statute of limitations may obtain equitable tolling of the limitations period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). "Equitable tolling is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (quoting *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002)); *see also Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy and so is rarely granted." (internal citations and quotation marks omitted)). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (citing *Ray*, 700 F.3d at 1007).

Respondent argues that Petitioner has failed to establish an extraordinary circumstance that prevented him from timely filing his Petition. (R. 25, Resp't's Mot. Dismiss at 10.) Petitioner contends that his habeas counsel's "efforts to determine the correct [filing] date, and the misinformation given by [post-conviction counsel and the Illinois Supreme Court Clerk], amounts to extraordinary circumstances under the principles of equitable tolling." (R. 31, Pet'r's Resp. at 4.) The Supreme Court has held that a lawyer's "egregious behavior" can create an extraordinary circumstance that warrants equitable tolling, but "a garden variety claim of excusable neglect" such as a "miscalculation" about the time available for filing does not amount to an extraordinary circumstance. *Holland*, 560 U.S. at 651-52 (quoting *Irwin v. Dep't of*

11

*Veterans Affairs*, 498 U.S. 89, 96 (1990); *Lawrence v. Florida*, 594 U.S. 327, 336 (2007)). The Seventh Circuit has repeatedly held that mistakes, ignorance of the law, and miscalculation of the statute of limitations are "garden variety" incidents of neglect that do not warrant equitable tolling. *E.g.*, *Obriecht*, 727 F.3d at 749 ("As our precedents make clear, an attorney's misunderstanding or miscalculation of the AEDPA deadline alone does not constitute an extraordinary circumstance."); *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) (A legal mistake is "not 'extraordinary'; it is all too common."); *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) ("Generally, a lawyer's mistake is not an extraordinary circumstance justifying the application of equitable tolling."); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (habeas counsel's mistake in calculating filing deadline because of inadequate research did not warrant equitable tolling). Here, habeas counsel made a mistake in calculating the filing deadline; this miscalculation does not constitute an extraordinary circumstance.

In an effort to avoid this conclusion, Petitioner argues that "counsel's reliance on the date provided was reasonable, and was not simply a 'miscalculation.'" (R. 31, Pet'r's Resp. at 4.) The fact that habeas counsel relied on misinformation provided by post-conviction counsel and the Clerk does not turn her miscalculation into an extraordinary circumstance. *See Proctor v. Wright*, No. 06 C 2794, 2007 WL 433099, at *10 (N.D. Ill. Jan. 31, 2007) (finding that petitioner's reliance on erroneous advice provided by another inmate did not warrant equitable tolling); *Nunez v. Robert*, No. 04-CV-121-DRH, 2006 WL 181683, at *5 (S.D. Ill. Jan. 24, 2006) (finding that petitioner's reliance on the incorrect advice provided by a civilian paralegal and an inmate law clerk did not amount to an extraordinary circumstance); *Baudizzon v. Maddening*, 35 F. App'x 584, 585 (9th Cir. 2002) (counsel's reliance on misinformation provided by the state court clerk regarding the date on which the state supreme court denied review "constituted

negligence that does not rise to the level of 'extraordinary circumstances' warranting equitable tolling"). Habeas counsel was negligent in relying on the date provided by post-conviction counsel and the Clerk, but this negligent behavior is not "egregious" and, consequently, does not warrant equitable tolling. *See Holland*, 560 U.S. at 651-52.

Finally, Petitioner draws the Court's attention to the fact that habeas counsel filed the Petition immediately upon discovering the correct date and asserts that this demonstrates "counsel's good-faith reliance on the information given and an intent to cooperate with the strictures of AEDPA." (R. 31, Pet'r's Resp. at 4.) While the Court is sympathetic to the fact that habeas counsel relied on the misinformation in good faith and intended to comply with the statute of limitations, these factors have no bearing on the Court's equitable tolling analysis, which only examines whether extraordinary circumstances prevented Petitioner from timely filing his Petition.

Accordingly, the Court finds that Petitioner has not established that an extraordinary circumstance prevented him from timely filing his Petition. Thus, Petitioner is not entitled to equitable tolling of the statute of limitations.

## III. Whether the Court should issue a certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Where a district court dismisses a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claims, a certificate of appealability should issue only if the petitioner shows that "jurists of reason would

13

find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist could find that the Petition is not time-barred or that Petitioner qualifies for statutory or equitable tolling. *See id.* ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). Accordingly, the Court will not issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the Petition (R. 25) is GRANTED. Although the Court is sympathetic to Petitioner's plight and finds that the Petition's untimeliness was easily avoidable, Petitioner has failed to provide a reason to toll the applicable limitations period. The Court dismisses the Petition with prejudice because it is time-barred and declines to issue a certificate of appealability.

ENTERED: _____
Chief Judge Ruben Castillo
United States District Court

Dated: February 26, 2014